# WILLIAM J. NEWMAN ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF AVON ET AL.
## (SC 18106)
## (SC 18107)

Rogers, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 18—officially released August 25, 2009

*Michael S. Taylor*, with whom were *Daniel Jonah Krisch* and, on the brief, *Sandra M. Bouchard*, legal intern, for the appellants (defendant Mary Markow et al.).

*Michael A. Zizka*, for the appellant (named defendant).

*Mark K. Branse*, with whom was *Brendan Schain*, for the appellees (plaintiffs).

*Opinion*

VERTEFEUILLE, J. The issue presented in this appeal is whether the trial court properly concluded that the named defendant, the planning and zoning commission of the town of Avon (commission), improperly had interpreted and applied a density provision of Avon's zoning regulations applicable to residential lots when it granted the subdivision application of the defendants

Mary Markow and Eric R. Secor, Jr. (applicants).[1] The defendants appeal[2] from the judgment of the trial court, which sustained the plaintiffs'[3] appeal from the decision of the commission. We reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. The applicants applied to the commission for permission to subdivide their four acre parcel of property located along Talcott Notch Road in Avon (property) into two lots, each comprised of two acres. The property is zoned for residential use in zone RU-2A and originally was part of a larger thirty-four acre parcel, which previously had been subdivided.

Section IV (A) (5) of the Avon zoning regulations establishes a maximum density for parcels in the RU-2A residential zone of 0.3 families per acre. Section IV (A) (6) of the regulations establishes two acres as the minimum lot area in the RU-2A zone. In approving the

[1] We note that while Markow was named as the applicant on the subdivision application, both she and Secor had signed the application. Accordingly, we refer to Markow and Secor as the applicants. References herein to the defendants are to the applicants and the commission jointly.

[2] There were two separate petitions for certification to appeal from the Superior Court decision to the Appellate Court, one filed by the applicants, and the other filed by the commission. The Appellate Court granted both petitions for certification to appeal from the judgment of the trial court; see General Statutes § 8-8 (o); and we thereafter transferred both certified appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. Although the appeals have not been consolidated, they were argued together in this court.

[3] The plaintiff property owners originally named in this appeal were: William J. Newman, Janet M. Newman, Holly Ahneman, Michael R. Hough, Judith A. Hough, Wilfred Capura, Shelley Capura, John Holobinko, Joan Holobinko, Beverly Giordano, trustee, and Adolph Bushell, trustee. Mary Young and Aneka Young subsequently were substituted as plaintiffs after acquiring the real property previously owned by Giordano and Bushell, who are not parties to this appeal. William J. Newman and Janet M. Newman were found by the trial court to be statutorily aggrieved because they own property abutting the applicants' property. The trial court also found that several other plaintiffs were classically aggrieved.

applicants' subdivision application, the commission relied on its historical practice of looking back to the "root" or "parent" parcel of land as it existed in 1957, when the Avon zoning and subdivision regulations were adopted. In the present case, in 1957, the property was part of a lot known as the "Alsop homestead," thirty-four acres of which were located in Avon. The applicants' property was conveyed out of the Alsop homestead as the first subdivided lot, and the balance of the Alsop homestead was later resubdivided into seven additional lots, known as the Stonefield subdivision. Applying the maximum density requirement of 0.3 families per acre to the parent parcel known as the Alsop homestead, the commission multiplied that density requirement by thirty-four and determined that the maximum number of lots that could be created was 10.2 lots. The commission determined that, because eight lots previously had been created from the parent parcel, two more lots could be created from the applicants' property, thus leading the commission to conclude that the applicants' subdivision application complied with the density requirement.

After the commission approved the applicants' subdivision application, the plaintiffs appealed from that decision to the trial court pursuant to General Statutes § 8-8.[4] The plaintiffs contended in the trial court that the commission improperly had approved the applicants' subdivision application because the resulting lots violate the maximum density requirement of § IV (A) (5) of the Avon zoning regulations.[5] The trial court agreed

---

[4] General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board . . . may take an appeal to the superior court for the judicial district in which the municipality is located . . . ."

[5] The plaintiffs also claimed that the commission improperly failed to: (1) refer the applicants' application back to the town's inland wetlands and watercourses commission for a further report on whether a ditch on the property constituted a watercourse; and (2) conclude that the structures existing on the property violated the accessory building provisions of the Avon subdivision regulations. Because the trial court sustained the plaintiffs'

with the plaintiffs and sustained their appeal, concluding that the commission had violated the zoning regulations by calculating density for purposes of § IV (A) (5) by reference to the "parent parcel," contrary to the language of the regulations, which do not refer to a "parent parcel." These certified appeals followed.[6]

On appeal to this court, the defendants assert that the trial court improperly sustained the plaintiffs' appeal. Specifically, the defendants claim that the trial court improperly concluded that the commission could not construe the term "parcel" in its density regulation to refer to "parent parcel," asserting that such an interpretation is reasonable and renders all of the provisions of the Avon zoning regulations and the Avon subdivision regulations effective and workable and avoids unreasonable results. The defendants further claim that the trial court did not afford the commission's time-tested interpretation of the regulations the appropriate weight. In response, the plaintiffs assert that the trial court properly sustained their appeal. Specifically, the plaintiffs claim that § IV (A) (5) of the Avon zoning regulations is plain and unambiguous and requires that the commission measure density only as it relates to the current parcel that is the subject of the subdivision application, not the parent parcel.[7] We agree with the defendants.

"Resolution of this issue requires us to review the relevant town regulations. Because the interpretation

appeal on the basis of a violation of § IV (A) (5) of the Avon zoning regulations, the trial court did not reach these other issues on appeal.

[6] See footnote 2 of this opinion.

[7] The plaintiffs also assert that the judgment of the trial court should be affirmed because the applicants lack standing to file a subdivision application that "counts" or includes land toward the minimum density requirements that they do not own. Because our examination of the record reveals that the plaintiffs failed to raise this claim in the trial court, we decline to review the claim. See *Cohen* v. *Yale-New Haven Hospital*, 260 Conn. 747, 761 n.4, 800 A.2d 499 (2002).

of the regulations presents a question of law, our review is plenary. . . . Additionally, zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. . . . Moreover, regulations must be interpreted in accordance with the principle that a reasonable and rational result was intended . . . . The process of statutory interpretation involves the determination of the meaning of the statutory language [or in this case, the relevant zoning regulation] as applied to the facts of the case, including the question of whether the language does so apply. . . .

"Because zoning regulations are in derogation of common-law property rights, they must be strictly construed and not extended by implication. . . . Whenever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant. . . . The regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible. . . . When more than one construction is possible, we adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results." (Citations omitted; internal quotation marks omitted.) *Graff* v. *Zoning Board of Appeals*, 277 Conn. 645, 652–53, 894 A.2d 285 (2006). "We also note that, although this court is not bound by a zoning board's interpretation of its regulations, a board's reasonable, time-tested interpretation is given great weight." *Jalowiec Realty Associates, L.P.* v. *Planning & Zoning Commission*, 278 Conn. 408, 414, 898 A.2d 157 (2006).

We begin with the text of the relevant regulation. Section IV (A) (5) of the Avon zoning regulations provides that "[a]ny parcel developed for residential use [in the RU-2A zone] shall observe" a maximum density of 0.3 families per acre. The use of the phrase, "[a]ny parcel *developed* for residential use"; (emphasis added)

Avon Zoning Regs., § IV (A) (5); indicates that the density calculation is to be applied to a previously undeveloped parcel and that any subsequent development of the parcel will utilize the previous density calculation that was applied when the parcel was first developed. Nothing in the language of the regulation requires or even suggests that the density requirement is to be calculated with regard to each proposed lot at the time that a subdivision application is filed with regard to that lot.

The term "parcel" in § IV (A) (5) is not defined or explained anywhere in the Avon zoning regulations. The plaintiffs point to, and the trial court relied on, however, the following definitional provision of the Avon subdivision regulations, which provides: "Lot, Plot, Parcel—A plot or parcel of land occupied or capable of being occupied by one principal building determining the land use form and the accessory buildings, structures or uses customarily incident to it, including such open spaces as are required by the [z]oning [r]egulations. A piece of land saleable as a unit. In the case of public, institutional, commercial, or industrial lots, a group of buildings under the same ownership may be considered as occupying one and the same lot." Avon Subdivision Regs., § 1.02.01.7. The trial court concluded that nothing in the town's zoning or subdivision regulations modified this definition of parcel or indicated that the term "parcel" for calculating density pursuant to § IV (A) (5) of the Avon zoning regulations refers to a "parent parcel." We disagree.

The definition of parcel contained in the subdivision regulations essentially indicates that a parcel is a single tract of land. When applied to the present case, wherein we are called upon to determine whether the commission properly looked to the parent parcel to calculate density, this definition of parcel is ambiguous because the density requirement of § IV (A) (5) of the Avon

zoning regulations is susceptible to two reasonable interpretations, namely: (1) density is to be calculated based on the single tract of land or parcel that exists at the time a subdivision application is made; or (2) density is to be calculated based on the single tract of land or parcel that existed at the time that the subdivision requirements were first applied. In 1957, the thirty-four acre Alsop homestead constituted a "plot or parcel of land occupied or capable of being occupied by one principal building determining the land use form" consistent with § 1.02.01.7 of the Avon subdivision regulations and thus can be a parcel within the meaning of the definition.

We consult next the definition of "subdivision" in General Statutes § 8-18 to define the term parcel and to decide whether the statute supports the commission's interpretation that "parcel" in § IV (A) (5) of the Avon zoning regulations refers to the parent parcel that existed prior to the initial subdivision. Section 8-18 provides in relevant part as follows: " '[S]ubdivision' means the division of a tract or parcel of land into three or more parts or lots made *subsequent to the adoption of subdivision regulations by the commission,* for the purpose, whether immediate or future, of sale or building development expressly excluding development for municipal, conservation or agricultural purposes, and includes resubdivision . . . ." (Emphasis added.) Section 8-18 therefore directs our attention to the original tract of land from which the initial division of the property was made.

The most compelling reason supporting the commission's application of the density requirement of § IV (A) (5) of the Avon zoning regulations in the present case is that the plaintiffs' interpretation of that requirement renders the minimum lot size established in the same regulations superfluous. In the trial court, the plaintiffs urged, and the trial court agreed, that the 0.3 family per

acre maximum density requirement results in a requirement that lots in the RU-2A zone must have a 3.33 acre minimum lot area. Section IV (A) (6) of the Avon zoning regulations provides, however, that the minimum lot area in the RU-2A zone is two acres, not 3.3 acres. The trial court's interpretation of the density regulation thus creates a glaring inconsistency between the density requirement and the minimum lot acre requirement for the same residential zone.

"[R]egulations must be interpreted so as to reconcile their provisions and make them [all] operative so far as possible. . . . When more than one construction is possible, we adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results." (Internal quotation marks omitted.) *Graff* v. *Zoning Board of Appeals*, supra, 277 Conn. 657. Moreover, "[i]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a [regulation] is superfluous." (Internal quotation marks omitted.) *Jalowiec Realty Associates, L.P.* v. *Planning & Zoning Commission*, supra, 278 Conn. 414.

We cannot adopt an interpretation of the density regulation that vitiates the minimum lot area requirement of the zoning regulations. The commission's historical interpretation and application of the density requirement give effect to, and make workable, both the density requirement and the minimum lot area requirement of the zoning regulations, a reasonable result that reconciles both provisions. We therefore conclude that the trial court improperly determined that the commission incorrectly construed the term parcel in the density regulation as applying to the parent parcel of the property.

Our conclusion is further supported by the commission's consistent interpretation of the regulations. As

we previously have noted, we afford considerable weight to a board's reasonable time-tested interpretation of a zoning regulation. See *Alvord Investment, LLC* v. *Zoning Board of Appeals*, 282 Conn. 393, 418, 920 A.2d 1000 (2007); *Jalowiec Realty Associates, L.P.* v. *Planning & Zoning Commission*, supra, 278 Conn. 414. In the present case, the commission has applied § IV (A) (5) of the Avon zoning regulations consistently for many years by looking back to the parent parcel of land as it existed in 1957, when the town zoning and subdivision regulations were adopted. Moreover, according to remarks by Steven M. Kushner, the Avon town planner, during the commission's hearing on the applicant's subdivision application, this consistent interpretation has been set forth in a checklist prepared by the commission many years ago that "explains to an applicant how to compute density and how to go back to the parent parcel." The commission reasonably and consistently has interpreted § IV (A) (5) for many years, and we therefore give considerable weight to that interpretation.

The judgment is reversed and the case is remanded to the trial court for consideration of the plaintiffs' remaining claims on appeal.

In this opinion the other justices concurred.